UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDY DOMANN                                              CIVIL ACTION

VERSUS                                                    NO. 2:23-CV-1530

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Wendy Domann respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001 et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Wendy Domann**, of lawful age and a resident of Arlington, Texas, is a plan participant and beneficiary of an ERISA plan created by her employer, Springstone, Inc. and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. **Defendant, Life Insurance Company of North America ("LINA")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Philadelphia, Pennsylvania and its principal place of business is in the state of Pennsylvania.

5. LINA issued a group disability policy insuring the employees of Springstone, Inc. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 U.S.C. Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job as an Assessment Specialist on a fulltime basis. Her condition also precludes her from performing the duties of any occupation on a fulltime basis.

8. Plaintiff suffers from debilitating symptoms stemming from interstitial lung disease, pulmonary fibrosis, a blood clotting disorder, DVT, hypoxia, anemia, allergies, back pain and joint pain.

9. Plaintiff is disabled under the terms of the disability policy issued by LINA.

10. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

11. LINA wrongfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

12. Plaintiff appealed the denial, but LINA upheld its previous decision.

13. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

14. Plaintiff has exhausted her administrative remedies and now files this suit to reverse LINA's denial of benefits.

15. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

16. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

17. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

18. Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
201 St. Charles Ave., Suite 3206
New Orleans, LA 70170
Phone: (504) 582-1286
Fax: (313) 692-5927
reagan@toledanolaw.com